UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-2476 MRW | Date | June 10, 2020 |
|---|---|---|---|
| Title | Garcia v. Sunshine SS 3360, Inc. | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE RE: UNRUH ACT CAUSE OF ACTION

1. The civil complaint in this action pleads causes of action under the federal Americans with Disabilities Act and the parallel California Unruh Civil Rights Act. As Plaintiff's lawyers well know, a growing number of judges of this Court have declined supplemental jurisdiction over – and dismissed – state law claims in similar ADA access cases. See, e.g., Garcia v. Thomas, No. CV 20-684 VAP (PLAx) (now MRW) (C.D. Cal.) at Docket # 22.

2. I'm of two minds. On the one hand, I appreciate the willingness of the Potter Handy firm and others to consent to magistrate judge jurisdiction as often as they do in these cases. These consents greatly assist the district court in administering civil justice to all, particularly when our Court has many vacancies and is dealing with the impact of the coronavirus crisis. I don't want to deter plaintiff's-side firms from consenting to me by summarily dismissing a portion of their claims in these cases.

3. On the other hand, the logic of the dismissal orders is compelling. The shift of "high frequency litigants" from state court to federal court – for the purpose of asserting state law claims, really – has obviously served to avoid the limitations that the state legislature imposed on these cases under CCP § 425.55. It also has heavily impacted this Court – district and magistrate judges alike – in our obligation to handle our civil docket in a timely and efficient manner. The analysis of whether this presents "exceptional circumstances" or "compelling reasons" to decline supplemental jurisdiction under 28 U.S.C. § 1367 is pretty easy.

4. If Plaintiff wants to convince me otherwise, go ahead. Plaintiff may submit a statement explaining why the Court should exercise jurisdiction over the Unruh Act claim in this particular case (I'd prefer not to see your standard form brief, if possible).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2476 MRW | Date | June 10, 2020 |
|---|---|---|---|
| Title | Garcia v. Sunshine SS 3360, Inc. | | |

Plaintiff's optional statement will be due by June 24. We can discuss the outcome of the issue at the case management conference on July 1. If Plaintiff declines to submit a statement or fails to convince me, I'll likely dismiss the state law claim without prejudice.